## HUSBAND AND WIFE. 431

### C. F. MORGAN, ADM'R v. H. G. C. BARTLETTE.

COMPETENT WITNESS FOR OR AGAINST THE OTHER, THOUGH THIRD PERSON IS DEAD—PRESENTATION OF CLAIMS TO ADMINISTRATOR.—REJECTION.

ERROR by defendant below to a judgment against him as administrator, on a note made by his decedent.

Held: 1. Under sec. 5241, Rev. Stat., husband and wife are competent to testify to acts done by one in the presence of the other, being in the known presence of a third person competent to be a witness, though such third person is dead at the time of the trial. Sessions v. Trevitt, 39 O. S., 259.

2. Where suit is brought against an administrator within eighteen months of his appointment, it must appear that the claim has been disputed or rejected. sec. 6108, Rev. Stat.; Keenan v. Saxton, 13 O., 41; Banning v. Banning, 12 O. S., 437, 450; 1 Ohio Circ. Dec. 309.

3. The administrator may require proof by vouchers and affidavit, sec. 6092, Rev. Stat., but unless he requires it, such strict formal presentation is not necessary. Cheeseman v. Kyle, 15 O. S., 15; Harter, Trump, Wikidal & Co. v. Taggart, 14 O. S., 122.

4. Where the affidavit accompanying the note was informal, but no objection was taken to the informalities, and the claim was rejected on its merits by endorsement on the back; Held: The technical objection to the affidavit was waived.

5. Where an original note was presented, with an affidavit that the note was a just claim; that all the payments made thereon were endorsed thereon, and by clerical error the amount was understated, but the whole claim was rejected; Held: The claimant may sue for the full amount due on the note.

C. F. Morgan, for plaintiff in error.

W. S. Kerruish, for defendant in error.